### In re PETITION OF PUBLIC COUNSEL.

Docket No. 760601-Rule.     Order No. 7446.

Florida Public Service Commission.

September 22, 1976.

The following commissioners participated in the disposition of this matter — WILLIAM T. MAYO, Chairman, and Commissioners WILLIAM H. BEVIS and PAULA F. HAWKINS.

BY THE COMMISSON.

Pursuant to notice, the commission permitted an oral presentation on this matter on September 13, 1976 in Tallahassee. After consideration of the record in this docket and applicable principles of law, the commission now enters its order in this cause.

By a petition filed on August 23, 1976, public counsel seeks to have this commission institute a rulemaking proceeding pursuant to the provisions of Section 120.54, Florida Statutes, for the purpose of adopting an amendment to the commission's rule regarding agenda conferences (25-1.40, Florida Administrative Code) in the form proposed by the petitioner. He also requests an opportunity to present oral argument in support of his petition which was scheduled and heard on September 13, 1976. The petitioner did not serve copies of his petition on any potentially interested parties. However the commission's notice or oral argument thereon received customary distribution, and a number of parties have filed petitions to intervene, which have been granted by various orders as hereinafter set forth. We have thoroughly studied this petition, the record and the applicable law and conclude that the petition must be denied for the reasons set forth below.

The office of public counsel was established by Chapter 74-195, Laws of Florida. As an attorney practicing before the commission, petitioner would appear to fall with the ambit of Section 120.54(5), Florida Statutes, which provides —

> Any person regulated by an agency or having a substantial interest in any agency rule may petition an agency to adopt, amend, or repeal a rule or to provide the minimum public information required by §120.53. The petition shall specify the proposed rule and action requested. Not later than 30 calendar days after the date of filing a petition, the agency shall initiate rulemaking proceedings under this act, otherwise comply with the requested action, or deny the petition with a written statement of its reasons for the denial.

Petitioner asked this commission to adopt a specific amendment to our Rule 25-1.40, as follows —

> COMES NOW, the Citizens of the State of Florida, by and through Woodie A. Liles, Public Counsel, pursuant to Chapter 120.54(5), Florida Statutes (1975), and petitions the Florida Public Service Commission to amend its Rule 25-1.40 relating to Agenda Conferences, to read as follows:
>
> > 25-1.40 *Agenda Conferences.* Decisions by the commission are made and votes thereon are taken at agenda conferences, which are normally held in the commission's office in Tallahassee on the

first, third and fifth Mondays of each month; agenda conferences are also held at other times and places as necessary. Single copies of the agenda for each conference may be obtained without charge on request to the commission clerk. Notices announcing the specific time, date and place of each agenda conference are published in the Florida Administrative Weekly approximately ten (10) days in advance. Summaries and responses to commissioners' inquiries, if any, are made only by the commission staff — *and the office of the public counsel.* Participation in commission proceedings by the parties and the public generally is provided for under the provisions of Chapter 25-2, Florida Administrative Code.

Specific Authority *350.0611*, 350.12(1)(m), 364.20, 364.42, 366.05(1), 367.121(1)(f), 120.53 FS. Law Implemented 350.0611, 350.12(1)(M), 364.20, 364.42, 366.05(1), 367.121(1)(f), 120.53 FS. History - New 10-20-75.

For support of his position petitioner relies primarily upon his interpretation of Chapter 120, Florida Statutes and upon the statutes which created his office. We will give consideration in detail to the legal arguments of petitioner later in this order.

Seven parties filed petitions to intervene in this matter, pursuant to Commission Rule 25-2.34, which provides in pertinent part —

"Petitions for leave to intervene may be filed at any time prior to entry of the commission's final order in the cause."

Said parties are listed below together with citation of order number authorizing intervention —

1.  Dan R. Schwartz, Order No. 7435, September 20, 1976

2.  Richard B. Austin, Order No. 7432, September 17 1976

Mr. Schwartz and Mr. Austin are attorneys who practice before the commission like petitioner.

3.  Florida Gas Company, Order No. 7431, September 17, 1976

4.  Tampa Electric Company, Order No. 7430, September 17, 1976

5.  Gulf Power Company, Order No. 7429, September 17, 1976

6.  Florida Power Corporation, Order No. 7438, September 20, 1976

7.  Southern Bell Telephone and Telegraph Company, Order No. 7439, September 20, 1976

All of the foregoing corporations are utilities regulated by the commission.

Generally, interveners asserted that they would or could be substantially affected by the proposed rule amendment and therefore desired to be parties of record so as to be able to participate in this matter and receive copies of any pleadings, motions, notices and orders filed herein. Five of the interveners oppose the proposed change and most of them recite, among other things in their respective petitions, that the basic concept expressed by the public counsel's proposal has previously been presented to this commission, the legislature and the courts and has been uniformly rejected for various legal and prudent reasons and that no useful purpose could be served by reopening the issues by instituting a rule proceeding. Of the remaining two interveners, one would be classified as neutral and one in support of the public counsel's proposal with expressed reference being made to the public counsel's position, "as clarified in the oral argument on September 13, 1976." The clarification referred to is reviewed later in this order.

The specific question before us is whether to convene a rule-making proceeding to adopt a rule in the form proposed by petitioner. In pertinent part, the rule would read —

". . . Summaries and responses to commissioners' inquiries, if any, are made only by the commission staff - [sic] *and the office of the public counsel.*"

This language on its face appears violative of due process since it would permit one party to advise and discuss the merits of a case with the judges while excluding other parties. In petitioner's oral presentation, he recognized this problem, even to the extent that it might be unconstitutional, but stated that he was *not* amending his petition to cure the defect. As a matter of law, the commission cannot do what petitioner seeks, it has no power to do the unconstitutional. At oral argument, petitioner did attempt to clarify his position on this point through an interpretation that his proposed rule means that whenever he chooses to intervene and participate at an agenda conference, then in those cases other parties of record could do likewise. This merely begs the issue and does not cure the defect. because the rule must stand as submitted absence a formal amendment. Even if amended a constitutional issue remains when one considers that such right of participation would be restricted to only those cases in which the public counsel might elect to intervene as a party.

Because petitioner has sought, in several forums available to him, to interject himself into the decision making process, as distinct from the adversary process, we deem it necessary to discuss in detail some of the underlying issues involved. At the outset, it should be noted that every forum in which petitioner has presented the concept embraced by the subject rule, same has been

uniformly rejected. In Docket No. 750320-TP dealing with a rate case of Central Telephone Company of Florida, petitioner and the Attorney General petitioned this commission to establish procedures somewhat similar to those sought here, which were denied. They appealed to the Supreme Court and were rejected. As petitioner correctly points out, this denial was on procedural grounds. However, the great majority of the briefs and oral argument before the court were on the merits which the court at least had the opportunity to review and consider before entering its order.

Petitioner has also repeatedly asked the legislature to address the issue, most recently in House Bill 1815, filed and rejected in both the 1975 and 1976 sessions, and in House Bill 4202, filed and rejected in the 1976 session. It would appear that an inference arises thereby, and that this commission cannot do by rule what the legislature has refused to do by law.

Perhaps the most basic issue is that petitioner apparently misconceives the statutory role of his office and the role of the commission. Petitioner's paragraph 13 states —

"Chapter 366, Florida Statutes (1975), mandates, and in the absence of agenda conference participation public counsel and the citizens of the state of Florida are denied, fair and reasonable ratemaking."

This paragraph seems to embody some misunderstanding to the effect that it is the duty of petitioner to decide what ratemaking in Florida is fair and reasonable. That position is wrong. He may advocate what he considers as fair and reasonable ratemaking but a final decision on such issues is a responsibility and duty assigned by the legislature to this commission subject to statutory guidelines and judicial review. An examination of the statutes which created petitioner's office makes it abundantly clear that he functions as an advocate; this commission functions as the decision maker; and that it was a cardinal legislative purpose in creating petitioner to keep the two functions separate.

In setting forth his legal theories that the law authorizes him to participate in the decision process of the commission's agenda conferences, petitioner consistently overlooks the rule that all parts of a statute must be read together and harmonized to achieve a logical, constitutional result. Looking at the statutory provisions which the commission has operated for over 75 years, we find no problem in discerning the legislative intent. In creating the office of the public counsel, what the legislature did was to carve out a piece of the common law attorney general function, as distinct from the constitutionally described office of the same name, and assign it to a named office to deal with a limited class of cases.

In so doing, the legislature prescribed that its newly created office would have all the rights of its statutory adversaries and this does not include participation in the decision process when a case has been concluded, with all parties having had opportunity to present their respective positions. For example, Section 350.061, by the very title it gives the office, makes this clear —

350.061 Public Counsel —

(1) The joint legislative auditing committee shall appoint a "public *counsel*" by majority vote of the members of the committee *to represent the general public of Florida before the Florida Public Service Commission. The public counsel shall be an attorney.* (Italics added.)

Petitioner contends that while the commission has general power to make procedural rules, he has specific powers which bear on those rules to some extent, and that since the specific is often said to control the general, his view must prevail. Even if the first part of his theory were true, it overlooks two prime rules of statutory construction — statutes must be read to produce a constitutional result if at all possible; and all parts of a statute must be harmonized. Since applying petitioner's legal theory will lead to an unconstitutional result, as set forth above, some other construction must be found if possible. If the statutes establishing petitioner's office are read as a whole, an interpretation which avoids the unconstitutional results is not only possible but compelling. Clearly the legislative purpose in establishing a public counsel was to provide a form of legal representation for the people of the state in the cases before the commission in which the public counsel elects to intervene as a party, with the same rights as afforded other parties in the case. This conclusion also emerges especially from the repeated references to typical functions of an attorney practicing before the commission. For example, petitioner is specifically empowered in Section 350.0611(1) ". . . to appear . . . and urge therein any position . . . and utilize therein all forms of discovery . . . subject to protective orders of the commission . . ." In subsection (2) he is empowered to use data available to attorneys, while in subsection (3) he is empowered to seek review of the commission's orders, and in subsection (5) he is empowered to appear before other state agencies and before courts. These are the powers, obviously, or an attorney. Nowhere in this enumeration does there appear any intent by the legislature to create an office with rights superior to those of other parties, nor to create an office which by is conduct and at its whim could determined the due process rights of other parties.

It is thus abundantly clear that the public counsel is an attorney practicing before the commission with a special, statutory client.

As such, he has the same rights and privileges as his statutory adversaries; no less and no more. This commission cannot give him more rights, for at least the following reasons — (a) The commission is a statutory creation of the legislature, and part of the legislative or judicial branch of government. The commission cannot by rule derogate the clear and compelling provisions of any statute, and the statute before us here is clear and compelling. This fact is even more true since the legislature has repeatedly declined to do what is requested of us here. (b) Even if it were not abundantly clear that the legislature had created a special purpose attorney with the same rights as his statutory adversaries, we could not give him more rights, for to do so would very obviously be an unconstitutional violation of the due process rights of those adversaries, as petitioner has acknowledged.

Petitioner when and if he chooses to intervene in a case, has every right known to the adversary process which develops a record on which this commission must base its decisions. These rights include the right to present evidence, testimony and exhibits, to cross-examine and rebut the testimony, evidence and exhibits of others, and finally to brief the case and orally argue it before this commission. Petitioner, like all other interested persons, can be present at an agenda conference when the commission communicates with its expert advisory staff and reviews a case which is ready for a decision and can hear what is being said. Thus, every party has the opportunity to have actual notice if an error were to creep into the process. For that, or any other reason, any party can petition this commission for reconsideration. Whether or not he petitions for reconsideration, any party can ask the Supreme Court to review our orders. The court has not been the least bit hesitant in remanding an order if it feels error has occurred. This outline is what one normally thinks of as procedural due process. Petitioner seeks something more. If we look at his petition as filed, he seeks for himself alone to enter the judicial conference, which would be a fatal error if permitted.

Petitioner also submits a legal theory along the lines that the commission is required to adopt rules to comply with Section 120.53, Florida Statutes, and that these rules must be in substantial compliance with the model rules.

The petition does not appear to take into account the effect of all of Section 120.54(10), which in pertinent part provides —

> ". . . the appropriate model rules shall be the rules of procedure for each agency subject to this act *to the extent that* each agency does not adopt a specific rule of procedure covering the subject matter . . ."

This commission's procedural rules are a comprehensive body covering their subject matter; hence, the model rules are simply inapplicable to the commission.

Even if model rule 28-1.33 were applicable to the commission, as petitioner contends, it could hardly have the effect he advances. Petitioner has the same rights as any other party once he intervenes in any proceeding. Since he has the same full access as any other party, he is not restricted within the meaning of model rule 28-1.33. Thus, there is no reason to cite statutory authority for any restriction, since there is none.

Finally, we note that petitions for reconsideration are not permitted in this case since we are bound by the deadline imposed by the provisions of Section 120.54(5), Florida Statutes.

After careful review of the entire record on the subject petition of public counsel and in consideration of the reasons and findings set out above, the commission concludes that said petition must be denied.

It is therefore ordered that the petition filed by the office of public counsel in this docket be and the same is hereby denied. It is further ordered that no petitions for reconsideration will be received or considered.

Commissioner HAWKINS specially concurs as follows —

I again regret that I have to vote against giving the public counsel an opportunity to question the commission staff at agenda conferences.

In his oral argument, public counsel stated that allowing him to participate without all parties of record having equal opportunity would be unconstitutionl, yet he did not amend his request to include other interested parties.

In order to assure due process to all interested parties, I believe the rule should be amended to allow the public counsel and all other parties of record to cross-examine staff members for a reasonable amount of time, to be established by the commission, in each case. Questions raised by parties during agenda conferences may be helpful to the commission in reaching decisions that are in the best interest of the people of Florida.

Chairman MAYO specially concurs as follows —

In addition to the reasons upon which the majority opinion is based, and with which I fully agree, I feel that this petition should be denied because of its impact upon our ability to comply with Chapter 74-195, Laws of Florida. That act, more commonly known as the "File and Suspend Law," establishes the right of an

applicant for a rate increase to place into effect its proposed rate schedules if the commission has not concluded the applicant's case within a certain period of time. Five months are allotted for motor carriers while eight months are allotted for electric and gas utilities, telephone and telegraph companies, and water and sewer utilities.

With these severe time constraints and despite all efforts made by the commission to streamline our rate proceedings, we have had considerable difficulty in reconciling the requirements of due process of law with the inexorable passage of the suspension period. In a few cases the "time ran out." In many more cases the suspension period had all but expired by the time the case was ripe for decision. In all cases, it goes without saying that the necessity to act within the suspension period is subordinate to considerations of due process. Our first consideration must be to arrive at a lawful decision after affording all parties their rights under the laws and constitutions of the United States and Florida. Any additional rights accorded to parties involved in proceedings under the File and Suspend Law will lengthen the process which we refer to generally as due process of law, and thereby decrease our ability to act within the suspension period.

We view the enactment of the File and Suspend Law as a legislative mandate to the commission to do all within its power to render prompt and timely decisions. Because public counsel's proposal is inimical to this end, I have voted against it.

While I consider the effect of the petition upon our ability to comply with the File and Suspend Law of prime importance, I also note that it adds nothing to the commission's existing procedures. In cases before the commission, extensive opportunity is granted to the parties to present such testimony and evidence as is deemed relevant. They test each other's evidence by cross-examination and rebuttal. After the evidence is received, the parties are entitled to file briefs and make closing arguments in support of their positions. In other words, the parties determine what the record shall contain and how their positions shall be interpreted. At some point, however, input from the parties must be terminated and the record must be closed. At this stage the commissioners must exercise the duty vested in them by law and make a decision. This is a judicial function and one which cannot be shared with the parties. I do not feel that it is proper for the commission to permit the utility companies and public counsel to become a part of the decisional process itself. I do not intend to abrogate my responsibility in this regard to the utilities or to any other special interests. Inasmuch as that condition would prevail if public counsel's petition were approved, I have voted with the other commissioners to deny it.